UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PATTY FOSNIGHT, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>V.<br><br>LVNV FUNDING, LLC, a Delaware limited liability company, and FIRST NATIONAL COLLECTION BUREAU, INC., A Nevada corporation,<br><br>        Defendants. | Case No. 1:15-cv-00557-LJM-DKL<br>Hon. Judge Larry J. McKinney<br>Mag. Judge Denise K. LaRue |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION**

Defendants First National Collection Bureau, Inc., and LVNV Funding, LLC, through their undersigned counsel, for their Response in Opposition to Plaintiff's Amended Motion for Class Certification, state:

**I.**

**INTRODUCTION**

Plaintiff moves to certify a class of all Indiana residents that received a form debt collection letter on a CitiFinancial Auto Corporation debt. In that Motion, Plaintiff argues "Defendants' form debt collection letter failed to identify effectively the name of the creditor to whom the debt was owed, in violation of § 1692g(a)(2)" and directs this Court to *Braatz v. Leading Edge Recovery Solutions*, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011), *Walls v. United Collection Bureau, Inc.*, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012), and *Deschaine v. National Enterprise Systems,* 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013). However, Plaintiff seems to contend each of these cases establishes it is a violation of the FDCPA which is

misleading. Each of these orders are denials on the defendants' motions to dismiss under Rule 12(b)(6) for failure to state a claim, therefore certification is not automatic.

Furthermore, Plaintiff fails to establish the four requirements of Fed. R. Civ. P. 23(a) and a single requirement of Rule 23(b). As detailed *infra*, Plaintiff fails to establish numerosity by presenting no evidence of how many people received and read the letter, fails to establish commonality as she cannot show each potential class member has consumer standing under the FDCPA or that each received and read the letter. In addition, Plaintiff cannot establish typicality and adequacy. Last, Plaintiff fails to show a class action is a superior method to litigate this issue. As such, for the reasons stated herein, this Court must deny Plaintiff's Amended Motion for Class Certification.

## II.

## ARGUMENT AND AUTHORITIES

**A. Standard of Law.**

"Class certification is governed by Federal Rule of Civil Procedure 23." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2548 (2011). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc.*, 131 S.Ct. at 2551. To obtain class certification, a plaintiff must satisfy the requirements of Fed. R. Civ. P. 23(a) and fall within at least one of the categories identified in Rule 23(b). *Harriston v. Chi. Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). Failure to meet any of the Rule's requirements precludes class certification. *Harriston*, 992 F.2d at 703. "Recognizing that Rule 23 gives the district courts 'broad discretion to determine whether certification of a class-action lawsuit is appropriate,' this court reviews

such decisions deferentially, *Chavez v. Ill. State Police*, 251 F.3d 612, 629 (7th Cir. 2001), and will 'reverse a district court's ruling regarding class certification only when we conclude that the district court abused its discretion in reaching its decision.'" *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008).

The Supreme Court has recognized that sometimes it is necessary for the court to "probe behind the pleadings before coming to rest on the certification question," and that certification is proper only if the trial court is satisfied, after a "rigorous analysis," that the prerequisites of Rule 23(a) have been satisfied. *Wal-Mart Stores, Inc.*, 131 S.Ct. at 2552. "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Id*. Going beyond the pleadings is necessary because a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues. *Madison v. Chalmette Refining, LLC*, 637 F.3d 551, 555 (5th Cir. 2011); *Reeb v. Ohio Dept. of Rehabilitation and Correction*, 435 F.3d 639, 644-45 (6th Cir. 2006).

The party seeking class certification bears the burden of establishing that all prerequisites for class certification are satisfied. *In re American Medical Sys., Inc.*, 75 F.3d at 1079. "Given the huge amount of judicial resources expended by class actions, particular care in their issuance is required." *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, 2011 WL 3524325 at *9 (6th Cir. 2011). Under Rule 23(a), the party seeking certification must demonstrate, first, that: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and 4) the representative

parties will fairly and adequately protect the interests of the class. "Second, the proposed class must satisfy at least one of the three requirements in Rule 23(b)." *Id*.

**B. Plaintiff Fails to Fulfill Rule 23(a)(2)'s Commonality Requirement.**

Commonality requires the plaintiff to demonstrate that class members have suffered the same injury. *Wal-Mart Stores, Inc.*, 131 S.Ct. at 2551; *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 (1982). Even a single common question will do. *Jamie S. v. Milwaukee Public Schools*, 668 F.3d 481, 497 (7th Cir. 2012) (quoting *Wal-Mart*, 131 S.Ct. at 2556). "But the Supreme Court explained in *Wal-Mart* that superficial common questions—like whether each class member is an MPS student or whether each class member 'suffered a violation of the same provision of law'—are not enough." *Id*. (quoting *Wal-Mart*, 131 S.Ct. at 2551. "Rather, '[c]ommonality requires the plaintiffs to demonstrate that the class members "have suffered the same injury."'" *Id*. (quoting *Gen Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). "The class' claims must depend upon a common contention,' and '[t]hat common contention, moreover, must be of such nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Id*. Plaintiff's Amended Motion for Class Certification is on a misguided path—for commonality, he must show each class member suffered the same injury—but he cannot do this without first establishing standing and then establishing each class member **read** the letter to establish them suffering the same alleged injury.

Plaintiff vaguely alleges FNCB violated FDCPA § 1692g(a)(2) because the collection letter "failed to identify effectively that Defendant LVNV was the current creditor to whom the debt was owed." Doc. 1 at 4. While Plaintiff proposes the commonality issue is relatively easily

satisfied—whether the letter violates the FDCPA and what the appropriate relief should be—whether or not the class members have standing and whether or not they read the letter can only be analyzed on an individual basis.

The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *See* 15 U.S.C. § 1692a(3). The Act further defines a "debt" as "any obligation…of a consumer to pay money arising out of a transaction in which the money, property, insurance or services…are primarily for personal, family, or household purposes…." *See* 15 U.S.C. § 1692a(5). In order to make this determination, the Court will be forced to engage in an investigation of each individual class member's debt to determine whether it arises from a transaction for personal, family or household use. This would cause the case to "degenerate in practice into multiple lawsuits separately tried." *Castano v. American Tobacco Co.*, 84 F.3d 734, 745 n. 19 (5th Cir. 1996) (citing Fed. R. Civ. P. 23 (advisory committee notes)). This is not efficient and would cause undue delay. For this reason, Plaintiff's request for class certification should be denied.

Further, an analysis would have to be done for every purported class member to find out whether or not they 1) received the letter and 2) if they read the letter. This is key because it takes actually reading the letter for there to be any alleged injury. The only way to know whether or not a debtor received a letter sent by FNCB is asking each of them. The letters are not sent certified mail, return receipt requested, nor are they similar to electronic mail sent with a read receipt notification. In addition, letters can be sent to incorrect addresses, people can move to a different address and letters can get lost in the mail. This opens yet another door, each individual would have to be asked to confirm whether or not the address in Defendants' records is a correct address. Allowing a class to be certified based on Defendants records showing only that letters

were sent would lead to a miscarriage of justice against Defendants. Class certification should be denied.

**C. Plaintiff Fails to Fulfill Rule 23(a)(3)'s Typicality Requirement.**

Prior to certification of a class, a court must find that the named representatives of the class will fairly and adequately protect the interests of the class. *Susman v. Lincoln American Corp.*, 561 F.2d 86, 89 (7th Cir. 1977). "Basic consideration of fairness require that a court undertake a stringent and continuing examination of the adequacy of representation by the named class representatives at all stages of the litigation where absent members will be bound by the court's judgment." *Id*. at 89-90 (quoting *National Association of Regional Medical Programs v. Matthews*, 551 F.2d 340 (D.C. Cir. 1976)). Strict oversight is necessitated since due process requires that absent class members be adequately represented in order to be bound by a court's judgment. *Id*. (citations omitted). Whether a party would adequately protect the interests of the class is a question of fact depending on the circumstances of each case. *Id*. at 90 (citing *Schy v. Susquehanna Corporation*, 419 F.2d 1112, 1116 (7th Cir. 1970), *cert. denied*, 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55; Wright & Miller, Federal Practice and Procedure, § 1765, p. 622). A putative class representative has the burden of convincing the trial court that the mandatory requirements of Rule 23(a) have been satisfied. *Id*. (citing *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976) (other citations omitted)).

Plaintiff argues that Plaintiff's claims are typical of the claims of the class because they are brought pursuant to the FDCPA, relate to the same collection letter and involves the same course of conduct by Defendants. Doc. 29 at 5. However, as stated with the commonality requirement, an analysis must be done regarding consumer standing and whether or not a purported class member received **and** read the letter. As such, Plaintiff's arguments do not

address centerpoint of what class certification hinges on and miss the mark on the typicality issue at hand. Because Plaintiff's claims are inherently not typical as to establishing consumer standing and whether or not the letter was received and read, this Court must deny certification.

**D. Plaintiff Does Not Provide Proper Evidence to Establish Numerosity.**

Rule 23(a)(1) requires Plaintiff to establish the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiff simply relies on the number of individuals a letters was sent to with no evidence anyone other than Plaintiff actually received and read the letter. As addressed in the commonality and typicality arguments *supra*, there are individual issues at hand for every individual as to whether or not they have standing as a consumer under the FDCPA and whether or not they received and read the letter. These are questions each individual must be asked making a class action impractical. As there is no evidence whether any of the 1094 people are "consumers" as defined by 15 U.S.C. § 1692a(3) or actually read the letter, Plaintiff fails to meet his burden under Rule 23(a)(1).

**E. Plaintiff Fails to Fulfill Rule 23(a)(4)'s Adequacy Requirement.**

A class may not be certified unless the proposed class representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In making this determination, the Court considers, among other matters, whether Plaintiff's interests are antagonistic to the class. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 583 (7th Cir. 2006); *Pastor v. State Farm Mut. Auto. Ins. Co.*, 2005 WL 2453900, at *4 (N.D. Ill.), *Aff'd* 487 F.3d 1042 (7th Cir. 2007). If the class representative does not suffer in the same manner as the other in the class, then there is a cause for concern regarding the adequacy of representation. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997). A plaintiff must possess the same interest(s) and suffer the particular injury shared by all members of the class. *Keele v. Wexler*, 149 F.3d 589,

592-93 (7th Cir. 1998). *See also, McKenzie v. City of Chicago*, 118 F.3d 552, 555 (7th Cir. 1997).

In order to fulfill the adequacy requirement regarding whether or not Plaintiff is an adequate representative of the class, Plaintiff only provides the court with unsupported conclusory statements such as "Plaintiff's interests are not antagonistic to the class's interests because Plaintiff claims are identical to the claims of the proposed class", that "Plaintiff has sufficient interest in the outcome of this suit because she stands to recover damages for both herself and on behalf of the class", and that "Plaintiff will vigorously pursue this lawsuit for both herself and the class." Doc. 29 at 6. Without any evidence that Plaintiff is an adequate class representative, Plaintiff fails to meet her burden under Rule 23(a)(4) and this Court should deny certification.

**F. Individual Questions Predominate Which Defeat Rule 23(b)(3)'s Requirement.**

Predominance under Rule 23(b)(3)(a) requires not only that common questions of law and fact exist, but that they "predominate over any questions affecting only individual members." *Amchem*, 521 U.S. at 623-24. The predominance criterion of Rule 23(B0(3) is far more demanding than the identification of a single common issue, and the movant cannot gerrymander predominance by suggesting that only a single issue be certified for class treatment when other individualized issues will dominate or be meaningfully material to the resolution of the absent class members' claims. *Hamilton v. O'Connor Chevrolet, Inc.*, 2006 WL 1697171, at *6 (N.D. Ill. 2006). The need to make individual inquiries has been interpreted as evidence that predominance has not been met. *Thorogood*, 547 F.3d at 746-47, 2007 WL 4286367, at *3; *Foreman v. PRA III, LLC*, 2007 WL 704478, at *14 (N.D. Ill. March 5, 2007).

In considering Rule 23(b)(3)'s requirements, the Court must review the substantive elements of Plaintiff's cause of action, the proof necessary for the various elements and the manageability of the trial on these issues. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011); *Simer v. Rios*, 661 F.2d 655, 672 (7th Cir. 1981). Where liability determinations are both individual and fact intensive, class certification under Rule 23(b)(3) is improper. *Pastor*, 2005 WL 2453900, at *5. Predominance concerns whether the named plaintiff can offer proof on a class-wide basis through her individualized claims. *Fletcher*, 245 F.R.D. at 332-33; *Blair v. Supportkids, Inc.*, 2003 WL 1908031, at *4 (N.D. Ill. Apr. 18, 2003).

The necessity for the individual inquiries in this case is confirmed by questioning whether or not the individuals actually received and read the letter prior to any question of whether or not the letter would deceive, mislead or confuse an unsophisticated, but reasonable, consumer.

Plaintiff will not be able to offer proof on a class-wide basis of whether or not each class member received or read the letter, much-less whether or not they did not understand "the name of the credit to whom the debt is owed". 15 U.S.C. § 1692g(a)(2). Some letters may have been sent to incorrect addresses. Some letters may have been lost in the mail. Other letters may have been discarded upon receipt without ever being opened. Defendants cannot be held liable when no alleged misrepresentation could have possibly occurred for individuals and damages cannot be unlawfully awarded if no misrepresentation occurred. Determining whether or not the 1,094 individuals **received and read** the letter are individual examinations and determinations that must be made. As such, Plaintiff cannot establish her Rule 23(b)(3) requirement and this Court should deny her Amended Motion for Class Certification.

**G. Plaintiff Fails to Meet the Rule 23(b)(3) Predominance and Superiority Requirements.**

    i. <u>Plaintiff Ignores Critical Predominance Issues Regarding Predominance.</u>

The predominance inquiry involves a comparison of the issues common among the class members and the issues individual to them. This inquiry is far more demanding than the "commonality" requirement of Rule 23(a). *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997). The Rule 23(b)(3) predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Unfortunately, Plaintiff's case requires too many individual determinations for it to be said that the common issues predominate.

As detailed at length *supra*, the Court will be forced to engage in an investigation of each individual class member's debt to determine whether it arose from a transaction for personal, family or household use and whether the class member received and read the letter. There is no way to efficiently undertake this investigation which would only cause undue delay and defeat judicial economy. For this reason, Plaintiff misses the mark under the predominance inquiry.

    ii. <u>This Case Does not Meet Rule 23(b)(3)'s Superiority Requirement.</u>

Plaintiff gives a bleak argument for the superiority inquiry with no support to the claims. Plaintiff simply states that a class action is superior to other methods because 1) its unlikely most people who received the letter protects all class members' rights and because the maximum amount any party can receive is relatively small, therefore the interests of class members individually controlling the prosecution of their claims is small; 2) that there is no other litigation already commenced concerning this controversy by or against the members of the class, 3) judicial economy and efficiency favor a class action; and 4) there should not present any significant management problems.

While the FDCPA only permits statutory damages of up to $1,000 per case, which can fairly be considered to be a small amount, it does allow a successful plaintiff to recover attorney's fees and costs. *See* 15 U.S.C. § 1692k. While a plaintiff suing under a law that permitted small damages awards may have a difficult time securing legal representation, a plaintiff under the FDCPA will not. In fact, a New York judge opined that the "cottage industry that has emerged" under the FDCPA "does not bring suits to remedy the 'widespread and serious national problem' of abuse…Rather, the inescapable inference is that the judicially developed standards have enabled a class of professional plaintiffs." *Jacobson v. Healthcare Financial Servs., Inc.*, 434 F. Supp. 2d 133, 138-39 (E.D.N.Y. 2006), *aff'd in part, rev'd in part by* 516 F.3d 85 (2d Cir. 2008). This alludes to the fact that the structure of the damages provision of the FDCPA not only works to address the intended wrongs, but has also led to "a proliferation of litigation" because of the potential recovery in attorney's fees. *See id.* But regardless of whether there are too many or too few cases, the point is that a class member can find an attorney to protect his or her rights with relative ease and would end up better off in the long run by receiving up to $1,000 rather than receiving a small fraction of that from a class action judgment. As a result, Plaintiff's request for class status should be denied.

### III.

### CONCLUSION

Plaintiff fails to fulfill each of the requirements under Rule 34(a) as well as Rule 34(b)(3). Too many individual issues arise defeating Plaintiff's arguments of commonality and typicality. There is no question that each of the purported class members must be asked whether the debt arose from a transaction in which the money, property, insurance or services primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5). There is also no question

each individual must be asked whether or not they received and read the letter. Without knowing whether or not each individual received and read the letter, it is unknown whether or not there was an attempt to collect a debt, or a "communication" as defined by 15 U.S.C. § 1692a(2). If there was no communication, there is no attempt to collect a debt, therefore no standing, no cause of action, and no alleged injury from the letter. Plaintiff further fails to establish numerosity without the actual number of how many individuals received and read the letter.

There is also no evidence before the Court of Plaintiff's ability to adequately represent other purported class members. Plaintiff provides no affidavit or declaration to substantiate her ability to do so. This analysis requires the Court to undertake a stringent and continuing examination of the adequacy Plaintiff at all stages of the litigation. *Susman v. Lincoln American Corp.*, 561 F.2d 86, 89-90. This Court does not have a shred of evidence to undertake any analysis as Plaintiff requests appointment as this important representative. It is Plaintiff's burden to establish each element, and Plaintiff cannot do so without evidence.

Last, Plaintiff fails to establish her duty under Rule 23(b)(3) of predominance and superiority. Again, individual issues undoubtedly predominate over the questions of law or fact common to class members and a class cation is not superior to the benefits the individuals would have with separate suits. For each of the reasons addressed in Defendants' Response, this Court should deny Plaintiff's Amended Motion for Class Certification.

WHEREFORE, PREMISES CONSIDERED, Defendants First National Collection Bureau, Inc. and LVNV Funding, LLC respectfully request this Court deny Plaintiff's Amended Motion for Class Certification and award Defendants any relief, whether at law or in equity, justly entitled.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>/s/ Charity A. Olson<br>Charity A. Olson (P68295)<br>OLSON LAW GROUP<br>2723 S. State St., Suite 150<br>Ann Arbor, MI 48104<br>T: (734) 222-5179<br>F: (866) 941-8712</td></tr>
<tr><td>Dated: August 17, 2015</td><td>colson@olsonlawpc.com</td></tr>
</table>

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Answer was served via the Court's electronic filing system this 17th day of August, 2015, which will provide notice of such filing to all counsel of record.

/s/ Charity A. Olson
Charity A. Olson (P68295)