UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATTY FOSNIGHT individually and on behalf of all others simiarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LVNV FUNDING, LLC a Delaware limited liability company, and<br>FIRST NATIONAL COLLECTION BUREAU, INC. a Nevada corporation,<br><br>Defendants. | No. 1:15-cv-00557-LJM-DKL |

## ORDER ON PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION

Plaintiff Patty Fosnight ("Plaintiff"), individually and on behalf of all others similarly situated, has moved for certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), on her claims against Defendants LVNV Funding, LLC ("LVNV") and First National Collection Bureau, Inc. ("FNCB") (collectively, "Defendants"), under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Defendants oppose the motion.

For the reasons stated herein, the Amended Motion for Class Certification is **GRANTED**.

### I. BACKGROUND AND ARGUMENTS

Plaintiff alleges that Defendants sent her a letter dated January 26, 2015, which stated: "Creditor: LVNV Funding, LLC;" but also stated: "Original Creditor: CitiFinancial Auto Corporation." Dkt. 1-3. In addition, the letter advised: "This is to advise you that your delinquent account has been assigned to our office for collection by the above

mentioned client." *Id.* She claims that without an explanation of the difference between "Original Creditor" and "Creditor," or an identification of which entity was the "client," an unsophisticated consumer would be confused as to what entity the debt was owed, which is a violation of § 1692g of the FDCPA. Compl. ¶¶ 10-18.

Plaintiff seeks to represent a class of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a CitiFinancial Auto Corporation debt, via the same form collection letter, from one year before the Complaint to the present. Compl. ¶ 19; Dkt. No. 29 at 4. Plaintiff asserts that all of the pre-requisites for class certification are met. As to numerosity, Plaintiff avers that the relevant letter was sent to 1,094 persons, which easily satisfies the requirement that joinder of all members is impracticable. Dkt. No. 29 at 4. With respect to commonality, Plaintiff states that there are at least two common issues, namely "1) whether Defendants' form collection letter violates the FDCPA; and, 2) the appropriate relief to be awarded." *Id.* at 5. There is no question that common issues dominate, according to Plaintiff, because any concern over the type of debt owed is either illusory or easily determined by a review of Defendants' records. Dkt. No. 41 at 7-9.

Similarly, with respect to typicality, Plaintiff avers that her claim arises out of the same practice or course of conduct that gives rise to the claims of all other class members, namely the mailing of the form letter that fails to properly identify the entity to which the debt is owed; the prohibitions in the FDCPA; and Defendants' unlawful conduct. Dkt. No. 29 at 5; Dkt. No. 41 at 4-7. She also states that she need not provide evidence that the putative class members received and read the letter under the law in the Seventh Circuit, because it is presumed that properly addressed mail is delivered timely and the

FDCPA does not require that the letter be read. Dkt. No. 41 at 4-7 (citing, *inter alia*, *Bobbitt v. The Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001) (stating that "the law presumes timely delivery of a properly addressed piece of mail"); *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997) (stating that reading the letter is not an element of a violation of the FDCPA)).

In addition, Plaintiff claims that she will fairly and adequately protect the interests of the putative class members and has enough knowledge about her claims to be available for a deposition if required. Dkt. No. 29 at 5-6; Dkt. No. 41 at 9-11. She also asserts that her counsel is "experienced, competent, qualified, and able to conduct the litigation vigorously." Dkt. No. 41 at 10 (quoting *Cavin v. Home Loan Ctr.*, 236 F.R.D. 387, 393 (N. D. Ill. 2006)). *See also* Dkt. No. 29 at 6.

Finally, Plaintiff asserts that class certification pursuant to Rule 23(b)(3) is proper because common issues predominate. Dkt. No. 29 at 6-7; Dkt. No. 41 at 11-12. Specifically, Plaintiff argues that liability is determined by the evaluation of the form letter sent by Defendants to each putative class member and the objective, unsophisticated consumer standard that applies to such inquiries. Dkt. No. 29 at 7. Further, Plaintiff asserts that class litigation is superior because, among other things, many putative class members may not be aware of their rights and the amount each class member could recover under the FDCPA is small, which provides little incentive for each to bring their own suit; and because judicial economy and efficiency is served by determining liability in one action rather than individuals actions by each putative class member. *Id.*

Defendants challenge Plaintiff's motion on multiple grounds. First, Defendants assert that Plaintiff cannot show that the class members suffered the same injury because

she has no way to show that each class member received and read the letter. Dkt. No. 31 at 4-6. Defendants further assert that commonality is not met because there is no easy way to show that each debt was a personal one rather than a business-related one, the latter of which is not covered under the FDCPA. *Id.* at 5. Defendants rely on the same argument with respect to Plaintiff's assertion that her claims are typical and that the members are so numerous that joinder is impracticable; namely, that she must show that each class member received and read the letter in order to prove that each has standing. *Id.* at 6-7. In addition, Defendants claim that Plaintiff has failed to meet her burden to show adequacy. *Id.* at 7-8.

Finally, Defendants assert that individual issues predominate in this case. *Id.* at 8-11. Specifically, Defendants argue that each putative class member will have to prove that he or she received and read the letter to establish standing, which is a prerequisite for bringing suit and would be decided before any issues on the merits are addressed. *Id.* at 9. Defendants also state that it cannot be held liable unless each putative class member must show they were actually misled by the letter. *Id.*

## II. DISCUSSION

The standards for class certification are found in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Rule 23 provides that a named party may sue on behalf of individuals who are similarly situated if six requirements are met: (1) the class is no numerous that joinder of all putative class members is impracticable ("numerosity"); (2) there are questions of law or fact common to the putative class members or ("commonality"); (3) the claims or defenses of the named plaintiff are typical of the claims or defenses of the putative class members ("typicality"); (4) the named plaintiff will fairly

and adequately protect the interests of the class; (5) questions of law or fact common to the putative class members predominate over any questions affecting only individual putative class members; and (6) a class action is superior to other available methods to fairly and efficiently adjudicate the controversy. Fed. Rs. Civ. P. 23(a) & 23(b)(3); *Messner v. Northshore Univ. HealthSys.*, 669 F.3d 802, 811 (7th Cir. 2012). In determining whether or not to certify this class, the Court must take into consideration any evidence submitted by the parties, including any exhibits. *Messner*, 669 F.3d at 811.

### A. NUMEROSITY/TYPICALITY/COMMONALITY

Defendants argue as to each of numerosity, typicality and commonality that Plaintiff's motion must fail because she cannot prove that each putative class member has standing since each claimant would have to show that they received the letter and read it to have sustained any damages. The question of class certification does not turn on the standing of each individual, however, the standing of the representative plaintiff is the initial element. *Cwiak v. Flint Ink Corp.*, 186 F.R.D. 494, (citing *East Texas Motor Freight Sys., Inc. v. Rodriquez*, 431 U.S. 395 (1977)). Here, Plaintiff has alleged facts to show that she has standing to bring suit under the FDCPA; therefore, Defendants' arguments that focus on standing are only material to the extent that they bear on the requisite factual underpinnings of Plaintiff's claims.

Turning to numerosity first, there is really no dispute that Defendant sent the same form letter to 1,094 people. Dkt. No. 29-4, Philipps Decl. ¶ 13. Further, as Plaintiff points out, it is presumed that the letter Defendants mailed was received by each individual putative class member. *See Bobbitt*, 268 F.3d at 538. Although the presumption is rebuttable, Defendants have provided no evidence of such. At this stage of the litigation,

the Court sees no reason to ignore the presumption in this case. In addition, the Seventh Circuit has made clear that even the class representative need not have read the letter to give rise to a potential violation of the FDCPA § 1692(g)(a)(2). *Bartlett*, 128 F.3d at 499. Under these circumstances, the Court cannot see how holding the putative class members to a higher standard comports with the notions of fairness and efficiency that the class action is designed to promote. Further, in the class action context, if it is later found that an individual class member was not mailed the letter or it was returned as undeliverable, such an individual can easily be removed from the class. Therefore, the Court concludes that with over 1,000 putative class members, Plaintiff has evidenced that the proposed class is too numerous for joinder to be practical.

Similarly, with respect to commonality, the law is clear that under the cause of action at issue in this case, Plaintiff need not have read the letter for liability to attach. *Bartlett*, 128 F.3d at 499. There is no subjective standard at issue that would require each individual putative plaintiff to testify; rather, the standard is the unsophisticated consumer. *Id.* at 500 (discussing the purpose of the FDCPA to protect the unsophisticated consumer). Under such circumstances, there is no cause to doubt that Plaintiff's claims are common with those of putative class members—the proof required is virtually identical as to each putative plaintiff. Further, Plaintiff has provided enough evidence from which the Court can concluded that the type of debt at issue as to the entire class is a consumer one. *See* Dkt. No. 41 at 7 n.1. Again, at this stage of the litigation, when there has been limited discovery, this is enough to support Plaintiff's claim of commonality.

Finally, as to typicality, the crux of Plaintiff's claim is that the letter she received from Defendants is confusing to an unsophisticated consumer about the entity that is owed the debt. Defendants cannot dispute that it sent the letter to over 1,000 consumers and that the FDCPA is a regulation that protects consumers from abuses by debt collectors. The Court is hard pressed to conclude that Plaintiff's claim is not typical of those of every other member of the putative class.

## B. ADEQUACY OF REPRESENTATION

Within the Seventh Circuit, courts have uses a three-part test to determine adequacy in the context of FDCPA litigation: (1) the named plaintiff cannot have antagonistic or conflicting claims with other members of the class; (2) the named plaintiff must have a sufficient interest in the outcome to ensure vigorous advocacy; and (3) counsel for the named plaintiff must be competent, experienced, qualified, and generally able to conduct the propose litigation vigorously. *See Carbajal v. Capital One*, 219 F.R.D. 437, 441-42 (N.D. Ill. 2004) (citing *Gammon v. GC Servs. Ltd. Partnership*, 162 F.R.D. 313, 317 (N.D. Ill. 1995)). Here, Defendant cannot point to any evidence that Plaintiff has antagonistic or conflicting claims with other members of the putative class. Further, Plaintiff has evidenced that she has sufficient interest in the case because she stated her willingness to participate in all aspects of the litigation. Dkt. No. 41 at 10-11. In addition, Defendants make little if no effort to question the qualifications of Plaintiff's counsel and it is evident from the evidence in the record that counsel is adequate in that the firm and its partners are competent, experienced in FDCPA litigation, qualified by their experience in the area and will vigorously litigate the case. For these reasons, the Court concludes that Plaintiff has shown she will adequately represent the interests of the putative class.

## C. PREDOMINATION AND SUPERIORITY

The last consideration is the Rule 23(b)(3) factors of whether or not common questions of law and fact predominate over any individualized questions and whether or not a class action is a superior method to adjudicate the claims. Fed. R. Civ. P. 23(b)(3). The Court is persuaded that common issues predominate over individualized ones. In the context of Plaintiff's FDCPA claim, the key issue in the case—whether or not the letter violates the FDCPA—is identical as to each putative plaintiff. The only individualized issues that Defendants raise, namely receipt of the letter and the nature of the debt, are easily addressed in the class context by Defendant itself as this information should be readily available to it in the records of each putative plaintiff. Further, the Court is equally confident that a class action is the most effective form of resolving this dispute. This method will allow for a single, uniform adjudication of the central issue: whether or not Defendants' letter violates the FDCPA.

Defendants' main argument as to the superiority of a class action is based on the propriety of the remedy portion of the FDCPA, which provides for a maximum recovery of $1,000.00 for the class representative and the lesser of $500,000.00 or 1% of Defendants' net worth, as well as attorney's fees. 15 U.S.C. § 1692(b)(2). Defendants take issue with the fact that each member of the class could find her own counsel and recover much more on her own, as well as attorney's fees. Dkt. No. 31 at 10-11. The Court is not persuaded that the monetary recovery is the touchstone of the adequacy of a class action. As Plaintiff points out, there is a relatively few number of putative class members who will realize they have a claim or be willing to pursue a claim with all the attendant requirements of being available for depositions, conferences, or even a trial. Further, Plaintiff has

provided evidence that each putative plaintiff could recover as much as $91.00 per person, which is more than *de minimis*. Even if the recovery is *de minimis*, there is value in allowing class treatment here to address potentially unlawful behavior that would not otherwise be addressed because the barriers to bringing suit are too high. *Cf. Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997) (discussing the purpose of class actions in contexts such as these where the recovery of each plaintiff may be low).

### III. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Plaintiff Patty Fosnight's Amended Motion for Class Certification. Dkt. No. 28. Plaintiff Patty Fosnight's Motion for Class Certification is **DENIED AS MOOT**. Dkt. No. 2.

The following class is hereby CERTIFIED:

All persons in the State of Indiana from whom Defendants LVNV Funding, LLC, and First National Collection Bureau, Inc. (collectively, "Defendants"), attempted to collect a delinquent consumer debt allegedly owed for a CitiFinancial Auto Corporation debt, via the same collection letter, Docket No. 1-3, that Defendants sent to Plaintiff Patty Fosnight, from one year before April 8, 2015.

IT IS SO ORDERED this 22nd day of October, 2015.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Charity A. Olson
Olson Law Group
colson@olsonlawpc.com

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angiekrobertson@aol.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com